Day, J.
It is claimed on behalf of the plaintiff in error that the charge given to the jury was erroneous; and that the-court erred in refusing to charge as requested, and in refusing to grant a new trial. These are the alleged errors chiefly relied on for a reversal of the judgment.
The material question made under each of these assignments of error is, where there is an intent to steal goods,, “ what is a sufficient taking and carrying away to constitute-the crime of larceny % ”
“ In order to constitute the offence of larceny, there must be an actual taking, or severance of the thing, from the possession of the owner, for, as every larceny includes a trespass, if the party be not guilty of a trespass in taking the goods, he cannot be guilty of a felony in carrying them away.”' Roscoe’s Crim. Ev. 587; 2 Russ, on Crimes, 5.
There must also be a carrying away of the goods taken.. *513 When this is done the offence is complete, — the crime is committed, — and cannot be purged by a return of the goods, though the possession be retained but for a moment. 8; Greenleaf’s Ev. sec. 156; 2 Russ, on Crimes, 6.
The felony lies in the very first act of removing the property : therefore the least removing of the entire thing taken,, with an intent to steal it, if the thief thereby, for the instant,, obtain the entire and absolute possession of it, is a sufficient asportation, though the property be not removed from the-premises of the owner, nor retained in the possession of the-thief. Thus, where the defendant, with a felonious intent,, lifted a bag from the bottom of the front boot of a coach,'but,, before getting it completely out of the space it had occupied,, he was detected; yet as each part of it had been removed from the space which that specific part occupied, the asportation was held to be complete. Rex v. Walsh, 1 Moody, 14. So where the prisoner moved a parcel of goods from the forepart to near the tail of a wagon, when he was detected ; it: was held that, as the prisoner had removed the property from the spot where it was placed, with an intent to steal, the asportation was sufficient to constitute the offence. 2 East P_ C. 556. Also where a lady’s ear-ring was torn from her ear,, and at the same time lost in her hair; inasmuch as it was,, for an instant, in the possession of the prisoner, separate from the owner’s person, it was held that the asportation was-complete. 2 East P. C. 557. See also 2 Wat. Arch. [*380] ;. Rose. Crim. Ev. [*588, 589], and 3 Greenleaf’s Ev. secs. 154- and 155.
On the other hand, there is a class of cases, where the-property taken is not entirely moved from the spot where it was placed by the owner, or where it is attached to some other thing not moved, or to ’the person of the owner. In this class of cases it has been held that there was no asportation, since there was no complete severance of the property from the possession of the owner. 2 East P. C. 556; 1 Hale P. C. 508. “ In these cases,” says Bishop, in his work on Criminal Law (vol. 2, sec. 804 [699] ), “ the prisoner’s control, over the thing was not for an instant perfect; if it had been,, *514 it would have been sufficient, even though the control had the next instant been lost. So the court held, where a man’s watch and chain were forced from his pocket, but the key of the watch immediately caught and fastened itself upon a button, the’.larceny was complete.” 29 Eng. L. & Ecp 530. So also where the prisoner drew a pocket-book out of the inside breast-pocket of the prosecutor’s coat, about an inch .above the top of the pocket, and, being then suddenly apprehended, let go the pocket-book, and it fell back again into .the pocket, the asportation was held sufficient to constitute the crime of larceny. Rex v. Thompson, 1 Moody, 78. So it is said that “ drawing a sword partly out of the scabbard will constitute a complete asportavit.” 2 Russ, on Crimes, 6.
It would seem, then, that the test as to the felonious asportation of property is not the fact that it has been taken out of the place of its deposit, but rests in the removal of the entire property by the thief, however slight, while.it is in his absolute possession.
Let us apply the principles thus settled by the authorities to the case before us. If it stood alone upon the first sen-fence of the charge in question, while it is correct as a general proposition, it may be regarded as too general if nothing further had been added; for, possibly, the defendant might have moved the money in the drawer without having obtained the entire and absolute possession of it. But the court immediately proceeded to exclude this possibility from the meaning of the first sentence, by adding a clear and more definite statement of the same proposition, defining what kind of a taking and removal of the money was necessary to constitute the offence. The first sentence is merely a general statement of the law, with a denial of what had been claimed on the part of the defendant, that there could be no larceny unless the money was taken out of the drawer. We do not think its generality could mislead the jury, being, as it is, but part of the charge which clearly controlled the general language, so as to exclude the idea that any removal of the money would be sufficient to constitute the offence, unless *515 •the defendant feloniously obtained the entire and absolute possession of it.
The court charged the jury that, “ If he had actually taken the money into his hand, and lifted it from the place where the owner had placed it, so as to entirely sever it from the spot where it was so placed, with the intention of stealing it, he would be guilty of larceny, though he may have dropped it into the place it was lying, upon being discovered, and never have had it out of the drawer.”
The charge recognizes the necessity of a felonious taking of the property, that it must be severed, and lifted or carried, from the place where it was left by the owner, and be, for the instant, at least, in the entire and absolute possession of the party accused : this, according to the authorities, constitutes larceny, though the money may have been dropped where it was found, and never taken out of the drawer; for it is “ well settled that the felony lies in the very first act of removing the property.” 2 Russ, on Crimes, 5.
This view of the case goes far to dispose’ of the questions made on the refusal of the court to instruct the jury as requested on behalf of the prisoner. The charges requested were contained in three distinct propositions, neither of which, as a whole, was correct, and, therefore, according to the well-settled rule in this State, might be properly refused. The first might be refused because it requested the court to instruct the jury that they must acquit the prisoner unless the proof showed that the money was taken out of the drawer. The second might be rejected for the same reason, and, also, for the further reason, that it precluded a conviction except upon direct evidence, or evidence of th¿ possession of the money by the prisoner. There was no error in refusing to charge as requested in the third proposition, for it was embraced in the charge given to the jury, unless by the words, “ affirmative evidence,” it was intended to request a charge that a conviction could not be produced without dvreet or positive evidence that the prisoner took the money in his hands and removed it. From the context, and the use of the term “affirmative” in other parts of the requests, it would *516 seem that this was the sense in which it was used : if .so, the-request was properly refused, for it excluded the possibility of finding the facts that constitute the offence charged upon circumstantial evidence, which may be equally satisfactory and certain as that of a direct character.
It remains to determine whether the court erred in overruling the motion for a new trial. This raises the question whether the evidence was sufficient to warrant a conviction. The felonious intent of the accused is not questioned. Nor are we prepared to say that the jury were not warranted in finding, from the evidence, that he took the money into liisentire and absolute possession, severed it from the possession* of the owner, for the moment at least, and removed it from the place where it was before. We cannot say the jury could not fairly find that the money was taken, and that the “ first act of removing ” it was complete. The case is a close-one. Between innocence and guilt there is, in law, but a line: the jury found that the defendant had' crossed it. From the evidence, we cannot say he had not. Nor could the court below. It was a case, therefore, where the court might properly refuse to grant a new trial on the ground that the verdict was not sustained by the evidence.
There are some minor questions- made xxpon the record, in which, however, we see no error; but, as they are not urged here, they need not be further noticed.
It follows that the judgment of the common pleas must be-affirmed.
Scott, C.J., and Welch, White, and McIlvaine, JJ., concurred.